# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv251

| | |
|---|---|
| PEERLESS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER ON |
| Vs. ) | DEFAULT JUDGMENT |
| ) | |
| SUNLIFE SYSTEMS INTERNATIONAL, INC.,) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS MATTER is before the Court on plaintiff Peerless Insurance Company's Motion for Default Judgment Against Defendant Sunlife Systems International, Inc. (#7). Having reviewed the motion and pleadings, the court issues the following findings and Order.

**PROCEDURAL HISTORY**

Plaintiff initiated this action against defendant by complaint filed on April 24, 2012 (#1), and a summons was issued the same day (#2). The complaint seeks a judicial determination and declaration as to the parties' rights and obligations under Policy No. CBP9102525 issued to defendant for policy period August 1, 2003, to August 1, 2004. Defendant was timely served with a copy of the complaint and summons by certified mail on April 25, 2012 (#4). To date, no answer or response has been filed on behalf of defendant.

On July 18, 2012, plaintiff filed a Motion for Entry of Default (#5). The certificate of service indicates that defendant was served at its address on the Case Management/Electronic Filing System ("CM/ECF"); however, defendant is not a registered party on CM/ECF and has no contact information available. The Clerk of Court granted the Entry of Default the following day (#6). There is no evidence on the docket or otherwise that defendant was served with the Motion for Entry

of Default or the Entry of Default.

On August 2, 2012, plaintiff filed a Motion for Default Judgment (#7) and Memorandum of Law in Support of Motion for Default Judgment (#8).  Again, plaintiff's certificate of service indicates that defendant was served through the CM/ECF system.

### DISCUSSION

According to Rule 5.3(B) of the Local Civil Rules, "[p]arties and attorneys who are not registered users [of Electronic Case Filing] must be served conventionally in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this district's Administrative Procedures."  A party must also indicate on the certificate of service "how service was or will be accomplished as to non-registered users."  Id. at Rule 5.3(C).  Thus, because defendant is not registered with CM/ECF (and cannot be until such defendant appears through counsel), it must be served conventionally, and plaintiff fails to show that defendant has been served in accordance with the local and federal requirements.  Without evidence that plaintiff has properly served its Motion for Default Judgment upon defendant, the court cannot enter or effectuate judgment based on Fed.R.Civ.P. 55(b).

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff Peerless Insurance Company's Motion for Default Judgment Against Defendant Sunlife Systems International, Inc. (#7) is **DENIED** without prejudice.  The Entry of Default (#6) is withdrawn without prejudice.  The Clerk of Court is ordered to note defendant Sunlife Systems International, Inc.'s address listed on the Summons, and mail a copy of this Order to that address.

Signed: August 13, 2012

Max O. Cogburn Jr.
United States District Judge